IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CRYSTAL SHEPHARD,** *et al.***,**

      **Plaintiffs,**

  v.                                 CASE NO. 2:04-CV-936

                                      JUDGE EDMUND E. SARGUS, JR.

                                      Magistrate Judge Norah McCann King

**ALLSTATE INSURANCE CO.,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This action was filed by plaintiffs Crystal Shephard and Herman Shephard ("plaintiffs") against Allstate Insurance Company ("Allstate"), Casalinova Investigations, Inc., Rick L. Pletcher and Adam C. Roy, (collectively "Casalinova"). The matter is before the Court on *Allstate's Motion to Dismiss*, Doc. No. 17, and on *Plaintiff's Memorandum Contra to Allstate Insurance Company's Motion to Dismiss / Motion to Remand* ("*Motion to Remand*"), Doc. No. 18. For the reasons set forth below, it is **RECOMMENDED** that *Allstate's Motion to Dismiss* be **DENIED** as moot and that the *Motion to Remand* be **GRANTED**.

Additionally, because this action is to be remanded, the Court **RECOMMENDS** that Casalinova's pending motion to dismiss, Doc. No. 44, also be **DENIED** as moot.

**I.     BACKGROUND**

On approximately December 27, 2002, Allstate issued a policy of insurance to plaintiffs relating to their residence. *First Amended Complaint*, at ¶ 6. The insurance policy covered, among other things, loss to the residence caused by accidental fire. *Id.*, at ¶ 7.

On September 24, 2003, a fire severely damaged plaintiffs' residence, rendering it uninhabitable.  *Id.*, at ¶ 10.  Plaintiffs made a claim for the loss under the Allstate insurance policy.  *Id.*, at ¶¶ 11, 12.  Allstate hired Casalinova to investigate the fire.  *Id.*, ¶¶ 27, 32.  Casalinova advised Allstate that the fire was of an incendiary nature and that it was caused by one or both of the plaintiffs.  *Id.*, at ¶¶ 32, 38.

On August 25, 2004, plaintiffs, residents of Jackson Ohio, filed this action in the Court of Common Pleas, Jackson County, Ohio, against Allstate, an Illinois corporation.  *Exhibit A* and *Exhibit B* attached to *Notice of Removal*.  On September 29, 2004, Allstate removed the action to this Court based on diversity jurisdiction.  *Id.*

A preliminary pretrial conference was held on December 15, 2004.  On that same day, the Court issued an *Order* establishing, *inter alia*, that the "parties may amend the pleadings or join additional parties by February 15, 2005."  Doc. No. 9.  On February 4, 2005, plaintiffs filed a *First Amended Complaint* naming three additional defendants, *i.e.*, Casalinova.  Doc. No. 10.  Casalinova Investigations, Inc. is an Ohio corporation, licensed in the State of Ohio for the business of investigating, consulting and training in fires and hazardous materials.  *First Amended Complaint*, at ¶ 3.  Mr. Pletcher and Mr. Roy, both residents of Ohio, are employees of Casalinova Investigations, Inc.  *Id.*, at ¶¶ 4, 5.

The *First Amended Complaint* sets forth three causes of action involving the newly added defendants.  *Id.*, at ¶¶ 26-39.  Plaintiffs allege that Casalinova, "as agents of" Allstate, failed to adequately and properly investigate the fire and that the failure gave rise to causes of action for negligent investigation and maliciously negligent investigation.  *Id.*  In addition, plaintiffs contend that Casalinova, while aware of the contract of insurance between plaintiffs and Allstate

advised Allstate, without sufficient justification, that the fire was incendiary in origin and caused by plaintiffs, which tortiously interfered with the contract between plaintiffs and Allstate. *Id.*, at ¶ 38.

On March 22, 2005, Allstate filed its *Motion to Dismiss,* arguing that plaintiffs had fraudulently joined Casalinova in order to destroy diversity jurisdiction. Doc. No. 17. In addition, Allstate argues that the *First Amended Complaint* was filed in violation of Rule 15(a) of the Federal Rules of Civil Procedure.

On April 12, 2005, plaintiffs filed the *Motion to Remand*. Doc. No. 18. Plaintiffs argue that Casalinova had not been fraudulently joined because the *First Amended Complaint* states claims against them upon which relief can be granted.

**II.     STANDARD OF REVIEW**

The removal of an action to federal court based on diversity jurisdiction is proper only when complete diversity exists at the time of removal, that is, when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The party seeking to bring the case into federal court bears the burden of establishing diversity jurisdiction. *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (party seeking removal bears the burden of establishing right to remove).

Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not

have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "The law relating to this aspect of removal jurisdiction is stringent and it requires removing defendants to do more than simply articulate a basis for dismissal of the plaintiff's claims against the non-diverse defendants who have allegedly been fraudulently joined." *Waterloo Coal Co., Inc. v. Komatsu Mining Sys., Inc.*, Case No. C2-02-560, 2003 U.S. Dist. LEXIS 411, *5 (S.D. Ohio Jan. 6, 2003) (J. Sargus).

When a removing party alleges that a defendant has been fraudulently joined as a party in order to defeat removal jurisdiction, the removing party must establish that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does. *Id.* (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). When a colorable argument in support of the claim against the non-diverse defendant exists, although the defendant may ultimately succeed in having the claim dismissed by the state court, removal of the case is improper. *Id. Miller Brewing* held:

> The burden of persuasion placed on those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.[1]

*Id.* at 549. Under the *Miller Brewing* standard, a court's inquiry is not whether the complaint states a claim, but whether "there remain[s] a possibility of a valid claim being stated against the in-state defendants . . . ." If there is, "the case would be properly cognizable only in the state courts." *Id.*, at 550.

---

[1] Allstate concedes "[t]here is no issue of fraud as to the jurisdictional facts . . . ." *Allstate's Motion to Dismiss*, at 4.

*Miller Brewing* relied on two prior Fifth Circuit decisions, *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172 (5th Cir. 1968) and *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir. 1979).  The United States Court of Appeals for the Sixth Circuit Court has cited both of these cases with approval as articulating the appropriate standard for evaluating a removing defendant's assertion that in-state defendants have been joined without a reasonable basis for asserting liability and that the joinder should be disregarded for purposes of determining diversity jurisdiction.  *See Alexander*, 13 F.3d at 948-49.  District court cases within this circuit have also followed *Miller Brewing*.  *See Waterloo Coal Co.*, 2003 U.S. Dist. LEXIS 411, at *5; *Brusseau v. Electronic Data Systems Corp.*, 694 F. Supp. 331, 333-334 (E.D. Mich. 1988); *Bucksnort Oil Co. v. Nat'l Convenience Stores, Inc.*, 585 F. Supp. 883, 886 (M.D. Tenn. 1984).

Additionally, the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party, and all doubts as to the propriety of removal are resolved in favor of remand.  *Coyne*, 183 F.3d at 493.  "However, the district court may not find fraudulent joinder based on the court's view of the merits of the claims or defenses."  *Wiseman v. Universal Underwriters Ins. Co.*, Case No. 2:04-CV-1110, 2005 U.S. Dist. LEXIS 20676, *4-5 (S.D. Ohio Sept. 21, 2005) (J. Graham) (citing to *Collins ex rel. Collins v. American Home Products Co.*, 343 F.3d 765, 769 (5th Cir. 2003).

Thus, in deciding whether diversity jurisdiction exists in the instant case, the Court's task is limited to determining whether the complaint states any claim against Casalinova that is even arguably permitted under state law.  Because the Court ultimately concludes that it lacks jurisdiction, the views it expresses on the merits of plaintiffs' claims should not be construed as a disposition of those claims on their merits.  Absent jurisdiction, this Court is powerless to make

such an adjudication. Instead, these issues are left to the Jackson County Court of Common Pleas and are addressed herein only to determine subject matter jurisdiction.

### III.   ANALYSIS

The *Motion to Remand* was presented to this Court as part of plaintiffs' opposition to *Allstate's Motion to Dismiss*. In *Allstate's Motion to Dismiss*, Allstate argues that the causes of action against Casalinova do not state claims upon which relief can be granted. Instead, Allstate contends, Casalinova was fraudulently joined for the purpose of defeating diversity jurisdiction. In the *Motion to Remand*, plaintiffs suggest that Allstate lacks standing to move to dismiss the claims against Casalinova. However, Allstate's motion, in essence, is a preemptive opposition to the *Motion to Remand*. Thus, Allstate, as the removing party, has standing to challenge the *Motion to Remand*.

In *Allstate's Motion to Dismiss*, Allstate also argues that Casalinova is not properly before this Court because the *First Amended Complaint*, which added Casalinova as defendants, was untimely filed. Thus, before the Court addresses the *Motion to Remand*, it will briefly discuss that argument.

#### A.   Timeliness of the First Amended Complaint

Allstate argues that the *First Amended Complaint* was filed in violation of Rule 15(a) of the Federal Rules of Civil Procedure. Allstate contends:

> Although the Court's Order on the pretrial conference granted plaintiffs until February 15, 2005, to amend the pleadings, or join additional parties, this defendant respectfully submits that the deadline was for the plaintiffs to file a Motion for Leave to Amend and/or a Motion of Leave to Joint [sic] Additional Parties, as provided by the federal civil rules.

*Allstate's Motion to Dismiss*, at 3.

6

This Court's pretrial order, Doc. No. 9, expressly granted all parties leave to amend. That order is consistent with Rule 15(a), which provides in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading <u>only by leave of court</u> or by written consent of the adverse party; and leave shall be freely given when justice so requires [emphasis added].

Fed. R. Civ. P. 15(a).

The Rule clearly anticipates, indeed encourages, this Court to grant a plaintiff leave to amend. There is nothing in the rule that requires that such leave be preceded only by written motion.

Accordingly, the Court concludes that the *First Amended Complaint* was timely filed.

**B.    Motion to Remand**

In the *First Amended Complaint*, plaintiffs allege that Casalinova was negligent and maliciously negligent in the investigation of the fire at plaintiffs' residence and that Casalinova tortiously interfered with the contract between plaintiffs and Allstate. If any of these claims are even arguably permitted under Ohio law, diversity jurisdiction does not exist and this Court must remand the action to state court.

*1.    Negligent and Maliciously Negligent Investigation*

Plaintiffs contend, without citing to any supporting case law, that Casalinova was "negligent, as they owed a duty to the plaintiffs to properly and thoroughly investigate the fire, and the investigation was not proper and/or thorough." *Motion to Remand*, at 4. Additionally, in the *First Amended Complaint*, plaintiffs allege that Casalinova was maliciously negligent because the inadequate investigation was performed with actual malice.

Allstate contends that Casalinova owed no duty to plaintiffs because, as plaintiffs state in

7

the *First Amended Complaint*, Casalinova was an "agent" of Allstate and acted "on behalf of" Allstate. *Allstate's Motion to Dismiss*, at 5. Allstate concludes that, under the doctrine of imputed negligence, any negligence on the part of the agent is directly imputed to the principal. *Clark v. Southview Hosp. and Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994). Thus, Allstate reasons, any negligence on the part of Casalinova must be imputed to it. In addition, Allstate argues that the punitive damages requested by plaintiffs under their malicious investigation claim are not available for the type of conduct about which plaintiffs complain.

The Court initially notes that neither side points to any case law addressing the issue of liability on the part of an independent insurance investigation company or its employees arising out of the investigation of the insurance claim of an insured. *See Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445 (6th Cir. 1988).

In Ohio, "[i]t is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 81 (2003) (citing *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984)).

There is a split of authority among those state jurisdictions that have addressed whether a negligence claim can be brought against an independent insurance investigator/adjuster,[2] *i.e.*, one, such as Casalinova, that is a separate business entity from the insurer. The majority of such jurisdictions does not recognize such a cause of action. *See, e.g., Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins. Co.*, 586 S.E.2d 586, 589 (S.C. 2003) (holding that it

---

[2]The terms "adjuster" and "investigator" are used interchangeably in the case law as well as in insurance law in general. *See generally*, *Appleman on Insurance Law & Practice* § 8839.25 (2d ed.).

would not recognize "a general duty of due care from an independent insurance adjuster or insurance adjusting company to the insured, and thereby align South Carolina with the majority rule on this issue"); *Meineke v. GAB Business Services, Inc.*, 195 Ariz. 564 (Ariz. Ct. App. 2000) (holding that the relationship between investigator and insured is sufficiently attenuated by the insurer's control over the investigator that investigator owes no legal duty to insureds and is not subject to negligence liability for allegedly mishandling claim); *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249 (Cal. Ct. App. 1999) (holding that policy concerns - including the fact that adjuster's role in claims process is secondary to that of insurer but duty of care could expose adjuster to greater liability, the improbability that imposition of a duty would enhance deterrence, the likelihood that a duty would subject adjuster to conflicting loyalties - as well as the general law of agency militate against imposing a duty of care owed by insurer-retained adjusters to insureds); *Velastequi v. Exchange Ins. Co.*, 132 Misc. 2d 896, 505 N.Y.S.2d 779, 780 (N.Y. Civ. Ct. 1986) (holding adjuster's duty is to insurer and based in contract; therefore, insured may not sue adjuster for negligence in investigating claim).

New Hampshire and Oklahoma, however, have held that independent insurance investigators may be held directly liable to insureds. The decision of New Hampshire's Supreme Court in *Morvay v. Hanover Ins. Co.*, 506 A.2d 333 (N.H. 1986), is exactly on point. Plaintiffs, the Morvays, filed a claim under their insurance policy with Hanover after their property was damaged by fire. Hanover hired Verity Research Limited to investigate the fire. Norman Roberts, the Verity investigator assigned to the case, filed a report with Hanover indicating that the fire was incendiary in origin. Consequently, Hanover refused payment on the Morvays' claim. In the ensuing lawsuit, in addition to claims against Hanover, the Morvays alleged that

9

Verity and Roberts were liable for negligent investigation. The trial court dismissed that claim, and the New Hampshire Supreme Court reversed, reasoning that the investigators "were fully aware that the plaintiffs could be harmed financially if they performed their investigation in a negligent manner and rendered a report to Hanover that would cause the company to refuse payment to the plaintiffs," and that they also knew that there was "a mutual duty of fair dealing between Hanover and the plaintiffs." *Id.* at 335. The court further reasoned that, "although the contractual relationship exists solely between the insurer and the investigators, and the investigators may give reports only to the insurer, the insured is a foreseeably affected third party." *Id.* Accordingly, the *Morvay* court held that "the investigators owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim and ... the motion to dismiss should not have been granted." *Id.*

*Brown v. State Farm Fire & Casualty Co.*, 58 P.3d 217 (Ok 2002), also is exactly on point. Plaintiff, Tammy Brown, filed a claim under her insurance policy with State Farm after her property was damaged by fire. State Farm hired JJMA Investigations and Consultants to investigate the cause of the fire. Jody Cooper, the investigator assigned to the case, concluded that the fire resulted from "the deliberate act of a person or persons." *Id.*, at 218. Consequently, State Farm refused payment on Ms. Brown's claim. After discussing in depth the split of authority related to the issue, the Oklahoma appellate court held:

> We believe the decision of the New Hampshire Supreme Court in *Morvay* is the result most consistent with the Oklahoma decisions . . . . Accordingly, we hold, as did *Morvay*, that independent insurance investigators "owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim." *Morvay*, 506 A.2d at 335. For this reason, it was error for the trial court to grant JJMA/Cooper's motion for summary judgment on Brown's negligence claim.

*Id.*, at 223.

Although this Court can find no Ohio case law directly on point, one case offers some guidance. In *Daniels v. Cincinnati Ins. Co.*, 1982 Ohio App. LEXIS 14321, Nos. 483, 486 (unreported 12th Dist.), 1982 WL 3224 (Ohio App. 1982), the insured homeowners asserted claims for breach of contract, bad faith, fraud and deceit against the insurance company and the "insurance adjuster" for refusal to pay for damages caused by a fire. Although the court did not specifically discuss the issue of the liability of the adjuster, or whether the adjuster was an independent contractor, like the Casalinova employees, or an employee of the insurance company, the court upheld the jury verdict returned against both the insurer and the adjuster. *See also Andray v. Elling*, 2005 Ohio 1026, 2005 WL 567035 (6th Dist. Ohio App. 2005) (affirming dismissal of action against insurer and claims adjuster for negligence in assessing and denying insurance claim on basis that policy of insurance provided no coverage for the loss, with no mention of claim being improperly asserted against adjuster).

This Court also finds guidance in *Wiseman v. Universal Underwriters Ins. Co.*, Case No. 2:04-CV-1110, 2005 U.S. Dist. LEXIS 20676, *4-5 (S.D. Ohio Sept. 21, 2005). In *Wiseman*, the plaintiffs moved for remand based on lack of diversity. The defendants argued that remand was improper because the non-diverse defendant had been fraudulently joined for the purpose of destroying diversity. The non-diverse defendant in that case was an insurance claims adjuster who was employed by the defendant insurer. Judge Graham, although noting that there was no case in Ohio exactly on point, affirmed the recommendation of the undersigned to remand the action:

> An action is "colorable" if it is reasonable but speculative, that is, if there is a
> reasonable basis for predicting that state law might impose liability on the

11

> defendant under the facts alleged. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 and n.10 (8th Cir. 2003). In *Filla*, the court concluded that the claim in the complaint was colorable even though the district court and the parties were unable to locate state authority which specifically recognized a cause of action under the circumstances present in that case.
>
> In *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1999), the court defined a "colorable" action as existing where there is even a possibility that the state court would find that the complaint states a cause of action. The court stated that a claim is not colorable if it is wholly insubstantial and frivolous, and further noted that a claim could be "colorable" even if it ultimately does not withstand a motion to dismiss in state court. *Id.* at 852-53.
>
> . . . .
>
> Further, the court is not required to definitively settle ambiguous questions of state law. *Filla*, 336 F.3d 811. Rather, the court in *Filla* noted that the better practice is for the court not to decide the doubtful question of state law, but to remand the case, leaving the question of state law for the state courts to decide. *Id.* *See also Smith v. Southern Pacific Co.*, 187 F.2d 397, 402 (9th Cir. 1951) (doubtful questions of law must be determined by state court on remand).

*Id.*, at *3-5.

Consequently, in light of the above authorities, and resolving all ambiguities in the controlling state law in favor of the plaintiffs, this Court cannot say that plaintiffs' claims against Casalinova are frivolous or unfounded. There is a reasonable basis in Ohio law for concluding that Ohio courts may recognize a claim based on negligence or wanton and reckless conduct on the part of Casalinova as the claim investigator in this case.

Allstate has not met its burden of showing that plaintiffs' claims against Casalinova are not colorable, so as to establish continuing diversity jurisdiction in this case. Allstate has cited no Ohio authority, nor can this Court find any, which specifically disallows such claims. While this Court has been unable to locate any Ohio cases that have precisely addressed the particular type of claims involved in this action, there is other Ohio authority that reasonably suggests that

12

Ohio may recognize a cause of action against an insurance investigator under the circumstances pleaded in the *First Amended Complaint*.

### 2. Tortious Interference with Contract

Allstate also argues that the *First Amended Complaint* fails to state a claim for tortious interference with contract. Such a claim requires: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Inc. Co.*, 72 Ohio St. 3d 415, 419 (1995). In *Siegel v. Arter & Hadden*, 85 Ohio St.3d 171 (1999), the Ohio Supreme Court reaffirmed the five elements essential to such a claim, and added at paragraph two of the syllabus: "Establishment of the fourth element of the tort of tortious interference with contract, lack of justification, requires proof that the defendant's interference with another's contract was improper."

Allstate takes the position that, in addition to these five enumerated elements, the plaintiff in a tortious interference claim must also establish that the wrongdoer is not a party to the contract. *See Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 116 (6th Cir. 1976). Allstate concludes that, because Casalinova were agents of Allstate, they are not the non-parties to the contract contemplated by *Battista*. Additionally, Allstate contends that plaintiffs "have not pled, and cannot prove, one of the five necessary elements, *i.e.*, a 'lack of justification'" for Casalinova's actions. *Allstate's Motion to Dismiss*, at 8. The Court disagrees.

First, plaintiffs pleaded:

> Without sufficient justification, Defendants, Casalinova, Pletcher, and Roy, advised Defendant Allstate that the fire was of incendiary nature caused by an intentional human act, mainly an act by the plaintiffs, which was an intentional procurement of the contract's breach.

13

*First Amended Complaint*, at ¶ 37.  Pleading under the Federal Rules "is designed to give notice to the Court and other parties of the nature of the action and the relief sought." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976).  In keeping with this purpose, a complaint need set forth only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This Court concludes that plaintiff has sufficiently pleaded the essential element of lack of justification.

Moreover, as plaintiffs contend, they need not "prove" lack of justification at this juncture.  All that is required is that plaintiffs have pleaded a colorable claim.  *See Wiseman*, 2005 U.S. Dist. LEXIS 20676, *4-5 ("the district court may not find fraudulent joinder based on the court's view of the merits of the claims or defenses.")

Furthermore, and as discussed *supra* with regard to negligence, the "agency" relationship between independent insurance investigators and the insurer and the investigator's relationship with the insured has not been specifically examined by the courts of Ohio; it is not for this Court to do so under the circumstances presented here.  If Ohio recognizes that an independent insurance agency and/or investigators owe a duty to an insured, it may follow that the independent insurance company/investigator could be held liable for tortious interference with contract.

Under all these circumstances, this Court concludes that Allstate has not met its burden of showing that Casalinova has been fraudulently joined so as to defeat jurisdiction.  Although Ohio law on the sufficiency of plaintiffs' claims against these defendants is not entirely clear, this Court should follow the "better practice" and remand the case, "leaving the question of state law for the state courts to decide."  *See Wiseman*, 2005 U.S. Dist. LEXIS 20676, *4-5 (citing *Smith v.*

*Southern Pacific Co.*, 187 F.2d 397, 402 (9th Cir. 1951)).

**WHEREUPON** the Court **RECOMMENDS** that *Allstate's Motion to Dismiss*, Doc. No. 17, and the *Motion to Dismiss of Casalinova Investigations, Inc.*, Doc. No. 44, be **DENIED** as moot and that plaintiffs' *Motion to Remand*, Doc. No. 18, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the district court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).


 January 6, 2006                                            s/Norah McCann King
Date                                                                     Norah McCann King
                                                                              United States Magistrate Judge