IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRYSTAL SHEPHARD, et al.,

    Plaintiffs,

vs.

    Case No. C2-04-936
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Norah McCann King

ALLSTATE INSURANCE CO., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Objections to the Magistrate's Report and Recommendation filed by Defendants Casalinova Investigations, Inc., Rick L. Pletcher, Adam C. Roy and Allstate Insurance Company ("Allstate") (collectively "Defendants"). For the reasons that follow, Defendants' objections are **OVERRULED**.

### I.

The history of this case has been fully and completely summarized by Magistrate Judge King in her Report and Recommendation ("R&R) of January 6, 2006 and will not be reproduced here except to the limited extent below which is necessary to place Defendants' objections in context.

Concisely stated, this matter arises out of a fire that severely damaged Plaintiffs' residence. Plaintiffs filed a claim with Allstate; Allstate hired Casalinova to investigate; Casalinova advised Allstate that the fire was incendiary in nature and was caused by one or both of the Plaintiffs. Plaintiffs filed an action in state court solely against Allstate for causes of action resulting from its failure to pay the claim. Defendants removed the action on a diversity basis. Plaintiffs then

amended their Complaint to add Casalinova and two of its employees and alleged that, as agents of Allstate, they negligently or with malicious intent failed to properly investigate the fire.[1] Allstate filed a Motion to Dismiss, arguing that Plaintiffs had fraudulently joined Casalinova in order to destroy diversity jurisdiction.[2] Plaintiffs filed a Motion for Remand.[3]

In sum, in her R&R, the Magistrate Judge recommended that Plaintiff Crystal Shephard's Motion for Remand be granted and that the Motions to Dismiss filed by Allstate and Casalinova be denied as moot. Defendants filed their objection on January 16, 2006. No further briefing on the objection has occurred.

## II.

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "'mandates that

---

[1] At the time of removal, there was complete diversity of citizenship between the parties. Once additional non-diverse Defendants were added to the Complaint, complete diversity was destroyed. Original diversity jurisdiction, once established, may not be defeated by the addition of a non-diverse party after the filing of the action. *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991). Unlike original diversity jurisdiction, however, the Court may be divested of proper removal jurisdiction subsequent to the removal petition by joinder of non-diverse parties. See 28 U.S.C. § 1447(e)("[i]fIf after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *New Cannon Clocks v. United States Fidelity & Guaranty*, 904 F. Supp. 621, 622 (E.D. Mich. 1995)(collecting cases).

[2] As the Magistrate Judge correctly pointed out, Allstate's Motion to Dismiss is, in essence, a preemptive opposition to Plaintiffs' Motion for Remand.

[3] Plaintiffs' filing is captioned, in full, as a Memorandum Contra Allstate Insurance Company's Motion to Dismiss / Motion for Remand.

the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Balalovski v. Lucent Technologies, Inc.*, 2003 WL 21011148, *4 (S.D. Ohio April 10, 2003)(unreported)(Sargus, J.)(quoting *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (internal citations omitted)). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

### III.

Because the case came before the Magistrate Judge in the procedural posture of a Motion for Remand in relation to Defendants' assertion of fraudulent joinder, she was tasked with determining whether Defendants, as the removing party, have established that Plaintiffs failed to state a claim and, further, that they have virtually no chance of presenting even a colorable claim against the non-diverse defendants in state court. *Waterloo Coal Co., Inc. v. Komatsu Mining Sys., Inc.*, (Case No. C2-02-560), 2003 WL 124137 (S.D. Ohio Jan. 9, 2003)(citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981)). Defendants do not challenge the Magistrate's application of the law as it relates to this stringent aspect of removal jurisdiction.

Instead, Defendants contend that the Magistrate Judge adopted a minority view on a state-law matter regarding whether Ohio recognizes a direct action for negligent or maliciously negligent investigation by an insured against an independent fire investigator retained by an insurance company. Defendants specifically contend that Ohio does not recognize such a claim and "[t]he Court apparently based its decision on the minority view of two states, Oklahoma and New Hampshire." (Defs' Objection, at p. 2.)

A review of the Magistrate Judge's decision reveals, however, that she did not adopt a minority position on the issue of the viability of a cause of action in negligence against an independent insurance investigation firm or its employees arising out of the investigation of an insured. Because Defendants alleged fraudulent joinder, the Magistrate was compelled to assess whether the claim against the in-state Defendants was even arguably permitted under Ohio law. The Magistrate Judge did not adopt any particular view of the law but instead recognized a split of authority on the issue of whether a negligence claim may be properly brought against an independent investigator, that is, a separate business entity from the insured that performs work as an adjuster or claims investigator. In the end, after a careful and complete analysis of the law throughout the jurisdictions, noting that no case in Ohio directly foreclosed or supported the cause of action, the Magistrate Judge found that "[t]here is a reasonable basis in Ohio law for concluding that Ohio courts may recognize a claim based on negligence or wanton and reckless conduct on the part of Casalinova as the claim investigator in this case." (R&R, at p. 12.) Contrary to Defendants' arguments, the Magistrate Judge did not adopt the minority view or hold that Ohio would, definitively, recognize the cause of action; she concluded that Allstate had not met its burden of proving that the claim is wholly unsubstantiated and not colorable for purposes of proving that Plaintiffs fraudulently joined non-diverse parties.[4]

---

[4] Similarly, on the issue of tortious interference, Defendants contend that the Magistrate Judge made her decision in favor of remand on the faulty assumption that Ohio courts have not examined the agency relationship between an insurance company and an independent investigator. The Magistrate Judge actually held that the Court should not venture into the issue given her recommended disposition of the case, but noted merely that, "[i]f Ohio recognizes that an independent insurance agency and/or investigators owe a duty to an insured, it may follow that the independent insurance company/investigator could be held liable for tortious interference with contract." (R&R, at p. 14.)

The Court agrees with the decision of the Magistrate Judge that, although Ohio law on the sufficiency of Plaintiffs' claims against these Defendants is not entirely clear, this Court should follow the "better practice" and remand the case, "leaving the question of state law for the state courts to decide." (R&R, at p. 14, citing *Wiseman v. Universal Underwriters Ins. Co.*, – F. Supp. 2d – , 2005 WL 2313968 (S.D. Ohio 2005).)

### IV.

The Court has considered the arguments made by counsel, the cases cited by Defendants, and the opinions and analysis of the Magistrate Judge in her thorough Report and Recommendation. The Court finds no evidence to demonstrate that a mistake has been committed and, consequently, the Court finds Magistrate Judge King's decision neither clearly erroneous nor contrary to law. Rule 72(a); 28 U.S.C. § 636(b)(1)(A). For the foregoing reasons, Defendants' Objections to the Magistrate's Report and Recommendations (Doc. #58) are **OVERRULED.** The Magistrate Judge's January 6, 2006 Report and Recommendation is **AFFIRMED** in all respects. Plaintiffs' Motion for Remand (Doc. #18) is **GRANTED** and the case is **REMANDED** to the state court for further disposition. Defendants' Motions to Dismiss (Docs. # 17 & 44) are **DENIED AS MOOT.** The Clerk is directed to remove this matter from the Court's pending cases and motions list.

**IT IS SO ORDERED.**

3-16-2006
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**